People's Mutual Life Insurance Company *v.* Fagan.

Opinion delivered March 22, 1920.

1. Insurance—action on policy—parties.—Where a policy of life insurance required that the proceeds be paid to the beneficiary if living and if not to legal representative, and the beneficiary died before the insured, the legal representative of the beneficiary was a necessary party in an action on the policy.

2. Appeal and error—substitution of parties on appeal.—Where the legal representative of an insured brought an action on a policy of life insurance when the action should have been brought by a legal representative of the beneficiary, and a judgment was rendered in favor of the plaintiff, the Supreme Court had no jurisdiction to substitute the legal representative of the beneficiary as a party.

Appeal from Pike Circuit Court; *George R. Haynie,* Judge; reversed.

*Basil Baker,* for appellant.

1. The administrator of James Thomas Fagan was not a proper party to sue but the suit should have been brought by the administrator of Rosie A. Fagan, deceased, as they policy was payable to Rosa A. Fagan if alive or if not living to her legal representative.

2. The court erred as to the amount of recovery and in holding that the sureties were liable.

*O. A. Featherston,* for appellee.

1. The question as to whether the administrator of James Thomas Fagan was a proper party was not raised below and can not be raised here for the first time. 209 S. W. 77; Kirby's Digest, § 2636; 34 Ark. 63.

2. The bondsmen were properly sued and liable. 112 S. W. 389.

WOOD, J. The Arkansas Mutual Life Insurance Company was an assessment or mutual benefit society operating at Hope, Arkansas. It issued its certificate or policy to one James Thomas Fagan, which recited, among other things, that the society, in consideration of the payment of the assessments of one dollar per month and of any calls or assessments that may be made, will, within thirty days after receipt at the home office of satisfactory proof of death of the insured, "pay to Rosia A. Fagan, wife, if living, if not living to legal representative, the sum of money therein set forth."

James Thomas Fagan died January 31, 1919. Rosia A. Fagan died prior to his death. George W. Fagan was administrator of the estate of the insured, but not of the estate of the beneficiary, Rosia A. Fagan.

The business of the Arkansas Mutual Life Insurance Company was taken over by the People's Mutual Life Insurance Company of Jonesboro, Arkansas, and that company issued a slip or rider which was to be pasted upon and to become a part of the Arkansas Mutual Life Insurance Company, whereby the policies of the latter were assumed by the former.

This action was brought by the appellee, as administrator of the estate of James Thomas Fagan, against the appellant to recover on the policy of Fagan, alleging substantially the above facts.

H. H. McAdams, H. A. Stroud and Dan L. Jones, bondsmen of appellant, were made parties defendant.

The answer denied, among other things, "that the People's Mutual Life Insurance Company was justly indebted to plaintiff in the sum of $1,000."

The judgment, among other things, recites: "The cause is submitted to the court sitting as a jury, upon the complaint and exhibits thereto, upon the answer of defendants and upon the admission of the defendants made in open court to the effect that the certificate sued on was in force at the time of the death of the insured on January 31, 1919, that the beneficiary named in the certificate had died prior to the death of the insured, that plaintiff was the duly appointed administrator of estate of insured, that proof of death had been made, that no part of the amount claimed had been paid to the insured in his lifetime for sick or accident claim and that no part had been paid to the administrator, and upon the offer of People's Mutual Life Insurance Company to confess judgment for the sum of $92.90, and upon the oral testimony of Dan L. Jones, from all of which the court finds for the plaintiff in the sum of $750 against defendant People's Mutual Life Insurance Company and against defendants H. H. McAdams, H. A. Stroud and Dan L. Jones, as sureties of said insurance company."

The court then proceeded to render formal judgment in favor of the appellee against appellants, from which is this appeal.

Among other grounds of motion for new trial is: "the findings and judgment of the court are contrary to the law and evidence."

The court erred in rendering judgment in favor of the appellee against the appellant. The undisputed evidence shows that the appellee was not the legal representative of the estate of Rosia A. Fagan. The policy,

which was the foundation of the action, required "that the amount to be paid shall be paid to Rosia A. Fagan, if living, and, if not living, to her legal representative." Under the express terms of the policy, the legal representative of Rosia A. Fagan was a necessary party to an action based on the policy. As the rights of her estate cannot be adjudicated in this suit to which her legal representative is not a party, we refrain from passing upon any other issue in the cause.

The court below had no jurisdiction of the person of the legal representative of the estate of Rosia A. Fagan, and the rights of her estate therefore could not be adjudicated in this action. This court on appeal has no jurisdiction to substitute such a legal representative as a party plaintiff.

For this error in the judgment the same is reversed and the cause is remanded for new trial.